UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DION CARL CANNON,                )
                                 )
            Plaintiff,            )
                                 )
        vs.                       )     No. 1:17-cv-01497-SEB-DML
                                 )
CAPTAIN ROBIN BYERS and          )
LIEUTENANT JUSTIN CHRISTMAS,     )
                                 )
            Defendant.            )

**Entry Granting Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Dion Carl Cannon, who at all relevant times was incarcerated at Howard County Jail, brought this action pursuant to 42 U.S.C. § 1983 against defendants Captain Robin Byers and Lieutenant Justin Christmas alleging that he had been exposed to black mold in violation of his Eighth Amendment rights.

The defendants now move for summary judgment on the merits. Mr. Cannon has not responded to the defendants' motion, and the time to do so has passed, leaving the defendants' motion unopposed. For the reasons explained, the defendants' unopposed motion for summary judgment, dkt. [24], is **granted**.

### I.  Undisputed Facts

As noted above, Mr. Cannon failed to respond to the defendants' motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Mr. Cannon has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must

. . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Cannon and supported by admissible evidence, are accepted as true. Mr. Cannon was incarcerated at the Howard County Jail from approximately November 18, 2015, through July 26, 2017. Each inmate receives a copy of the Howard County Indiana Criminal Justice Center Jail Rules and Regulations which require that inmates clean their room and keep it neat and tidy. The Rules state: "If you have a maintenance issue please notify the unit officer immediately so it can be addressed right away. If not addressed right away then submit the request/grievance." Dkts. 24-1, 24-2, 24-3.

Officers perform cell inspections every day and make hourly rounds throughout the unit. Officers note issues such as black mold in a cell or shower area on a maintenance log. Inmates are given cleaning supplies each morning to clean their cells and they can request extra cleaning supplies as needed. The dayroom and showers are cleaned by the inmates twice a day. *Id*.

In addition to the formal grievance process, complaints regarding cleanliness can be reported to either the officer on duty in the cell block at any time during the day or to maintenance workers when they service the cells. *Id*.

On April 1, 2017, Mr. Cannon submitted a grievance stating "I am afraid of my safety health codes being broken do [sic] to black mold in the shower and in every inmates room." The date was described as "ongoing". The same day, a jail supervisor responded stating that inmates

receive cleaning supplies every day and per the state jail standards it is the responsibility of the inmates to clean. Dkt. 1-2. Mr. Cannon appealed the same grievance twice, but each response stated that he had failed to follow policy. Dkt. 1-2.

Other than the April 1, 2017 Grievance and the two appeals of that Grievance, there is no evidence of other complaints made by Mr. Cannon regarding the presence of mold. According to the defendants, and their testimony has not been rebutted by Mr. Cannon, the maintenance logs from August 8, 2016, through June 13, 2017, show that maintenance personnel were called to Mr. Cannon's cell nine times, including a service call four days before Mr. Cannon filed the grievance. Neither the maintenance logs, nor any other jail records other than his single grievance, reflect any complaints by Mr. Cannon of black mold. Dkts. 24-1, 24-2, 24-3.

During Mr. Cannon's incarceration he shared a cell with other inmates, yet none of those inmates ever complained to the defendants about mold in the cell or in the showers. Dkts. 24-2, 24-3. Mr. Cannon never advised the defendants that he tried but was unable to clean the substance that he believed to be mold. *Id*. There is no evidence in the jails' medical records that Mr. Cannon ever made a complaint or sought treatment with respect to mold exposure. Dkts. 24-1, 24-2.

The jail is regularly inspected by the Indiana Department of Correction ("IDOC"). Dkt. 24-1. In their affidavits, the defendants attest that none of the IDOC inspections identified any mold problem at the jail. Additionally, the jail passed every inspection element in the relevant categories of "Safety and Sanitation", "Clothing and Personal Hygiene" and "Medical Care and Health Services" during the time Mr. Cannon was incarcerated at the jail. *Id*. The Board of Health also inspects the jail twice a year. There were no issues with mold found during the time Mr. Cannon was incarcerated at the jail. *Id*.

## II. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## III. Discussion

Defendants argue that there is no black mold problem at the Howard County Jail and that therefore the conditions of Mr. Cannon's confinement did not violate his constitutional rights. Of course, having failed to respond, Mr. Cannon does not dispute this.

A prison official violates the Eighth Amendment's prohibition on cruel and unusual punishment when the official's act or omission results "in the denial of the minimal civilized measure of life's necessities," and the official committed the act or omission with "deliberate indifference" to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation and quotation marks omitted). To establish deliberate indifference, the plaintiff must "demonstrate that the defendants acted with knowledge that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014). "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation and quotation marks omitted).

Mr. Cannon has not presented evidence showing that the defendants disregarded a substantial risk of harm by failing to take reasonable measures to abate it. *See Townsend*, 759 F.3d at 687. When Mr. Cannon filed a grievance regarding the presence of black mold in his cell and in the shower area, he was told that he had access to cleaning materials every day. If there was black mold in his cell, telling him to clean it himself with general cleaning supplies was probably an inadequate response, but the defendants have produced evidence rebutting Mr. Cannon's assertion that there was black mold in his cell or in the shower area. Other than the grievance filed by Mr. Cannon, the submitted evidence demonstrates that there was no black mold problem at the jail.

### IV.   Conclusion

For the reasons explained above, the defendants' unopposed motion for summary judgment, dkt. [24], is **granted**. Mr. Cannon's claims are **dismissed with prejudice**. Final judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date:  2/13/2018

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DION CARL CANNON
266515
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 W. South 850 S
Bunker Hill, IN 46914

Aimee Rivera Cole
TRAVELERS STAFF COUNSEL OFFICE (Indianapolis)
arcole@travelers.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com